# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA GRIFFIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Deputy ) <br> Commissioner for Operations, ) <br> performing the duties and functions ) <br> not reserved to the Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Case No. CIV-17-990-STE |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 95-107). On appeal, the Appeals Council

remanded the case for a second hearing. (TR. 114-115). A second administrative hearing was held and the same ALJ issued a second unfavorable decision. (TR. 10-24). The Appeals Council declined Plaintiff's request for review. (TR. 1-6). Thus, the second decision of the ALJ dated November 22, 2016 became the final decision of the Commissioner. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 2, 2012. (TR. 13). At step two, the ALJ determined that Ms. Griffin had the following severe impairments: diabetes mellitus; diabetes neuropathy; Dupuytren's contracture of the hand; and obesity. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 18). At step four, the ALJ concluded that Ms. Griffin retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except occasional overhead reaching with right arm and would need the left hand to stabilize any such reaching and occasional fingering.

(TR. 19). With this RFC, a vocational expert (VE) testified that Ms. Griffin could perform her past relevant work as a "management trainee," as that job had been actually performed. (TR. 61-63). The ALJ adopted the VE's testimony and at step four, the ALJ

concluded that Plaintiff was not disabled based on her ability to perform her past relevant work. (TR. 23-24).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ: (1) failed to comply with the Appeals Council's remand order and (2) erred at step four.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ FAILED TO COMPLY WITH THE APPEALS COUNCIL'S REMAND ORDER AND ERRED AT STEP FOUR

Ms. Griffin alleges that the ALJ: (1) failed to comply with the Appeals Council's order to develop the record regarding Plaintiff's past relevant work as a "restaurant trainee" and (2) erred at step four in evaluating whether Plaintiff was capable of performing her past relevant work. (ECF No. 11:5-19). The Court agrees.

### A. The Appeals Council's Remand Order

In the first decision, the ALJ had found Ms. Griffin not disabled at step four, due to her ability to perform her past relevant work as a "restaurant trainee," Dictionary of Occupational Titles (DOT) #189.167-018. (TR. 107). In its remand order, the Appeals Council questioned whether the job of "restaurant trainee" had qualified as "past relevant work."[1] The Appeals Council noted:

> In this case, it does not appear the job cited in the hearing decision at step four of the sequential evaluation meets the requirements to be considered past relevant work. A review of the claimant's work history report shows the claimant last performed the restaurant trainee job in April 2012 through May 2012 earning $742.33 and August 2012-September 2012 earning $220.11, with a combined income of $962.44. Therefore, further evaluation of the claimant's past relevant work is necessary.

(TR. 114).

Accordingly, the Appeals Council remanded the case and ordered the ALJ to:

- Develop the claimant's earnings in the relevant fifteen year period in order to determine whether or not the claimant performed any work activity at substantial gainful activity levels established under the guidelines in (20 CFR 404.1545). If substantial gainful activity can be established, determine the actual job that the claimant was performing at the time. If substantial gainful activity cannot be found or determined, continuation of the sequential evaluation process to step five is necessary.

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

(TR. 114-115).

---

[1] "Past relevant work" is work that: (1) occurred within the past fifteen years (the recency requirement), (2) was of sufficient duration to enable the worker to learn to do the job (the duration requirement), and (3) was considered "substantial gainful activity." (SGA). 20 C.F.R. § 404.1565(a); Social Security Ruling 82-62, Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen., (1982) (SSR 82-62).

### B. Plaintiff's Prior Employment

In Plaintiff's Work History Report, she stated that she had performed the jobs of:

(1) "manager trainee" at the fast food restaurants Braum's from August-September 2012 and Taco Mayo from April -May 2012 and

(2) "general manager" at the fast food restaurant Wendy's from 1997-2011.

(TR. 314-319).

### C. The Administrative Hearing

At the hearing, Plaintiff did not testify regarding the demands or duties at any of her prior jobs. *See* TR. 55-67. Instead, a VE testified that Plaintiff had worked as a: (1) management trainee, DOT #189.167-018, strength level light, with a specific vocational preparation level of 6; and (2) a fast food manager, DOT #185.137-010, strength level light with an specific vocational preparation of 5. (TR. 62).

At one point, the ALJ asked the VE if the job of "manager" had covered the period between 2003 and 2011. (TR. 62). While the VE was checking his file to answer the ALJ, the ALJ said: "If it helps you the Appeals Council order indicated that the last past relevant work was as an assistant manager, restaurant in 2003 to 2011 earning $20,693." (TR. 62). The VE then stated that a job of "assistant manager" was equivalent to the job of "management trainee." (TR. 62). Finally, the ALJ asked the VE if an individual with limitations as found in Plaintiff's RFC was capable of performing any of Ms. Griffin's past work. (TR. 62). The VE responded that only the "management trainee/assistant manager" job would be available. (TR. 62).

### D. The Administrative Decision

In the decision, the ALJ recognized that the VE had identified Plaintiff's past work as including the "management trainee" job and the "manager" job. (TR. 23). The ALJ then stated:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the vocational expert testified that claimant was able to perform her past relevant work as a Management Trainee as actually performed. The undersigned finds that the opinion of the vocational expert is entitled to great weight; therefore the undersigned finds that the claimant is able to perform her past relevant work as a Management Trainee as actually and generally performed.

(TR. 23).

In what appeared to be the ALJ's effort to comply with the Appeals Council's remand order requiring development of Ms. Griffin's past relevant work, the ALJ next stated:

> The Administrative Law Judge notes the claimant has past relevant work as a Manager Fast Food (Wendy's) was from 2003 to 2011. The claimant's earnings from Wendy's in 2011 were $18,564.63. . . . Based on the claimant's experience as a Manager Fast Food (she reported that she was a General Manager), the undersigned finds that her work as a Management Trainee is within her past relevant work and she could transition into that work.

(TR. 23-24).

### E. Errors

Multiple gaps in reasoning and findings which lack support render the ALJ's step four decision deficient to an extent which mandates reversal. As alleged by Ms. Griffin, the ALJ failed to comply with the Appeals Council's remand order and thereafter failed to engage in a proper step four analysis.

The Appeals Council instructed the ALJ to further evaluate Plaintiff's past relevant work because in the first hearing, the ALJ had stated that Ms. Griffin could return to the job of "restaurant trainee," but the Appeals Council found that it had appeared as though that job had not qualified as past relevant work. *See* TR. 114. Then, and only if a particular job qualified as "past relevant work," the Appeals Council instructed the ALJ to "determine the actual job that the claimant was performing at that time." (TR. 114). The Appeals Council's second directive correlates with "phase two" of the three-phase inquiry that the Tenth Circuit has mandated the ALJ perform at step four:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), ... and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.... In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one[.] At each of these phases, the ALJ must make specific findings.

*Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

In the instant case, the Court may assume, as the ALJ found, that Ms. Griffin had performed the job of "manager" at Wendy's at a level which qualified the position as "past relevant work." Even so, the finding is irrelevant, because the ALJ did not ultimately conclude that Plaintiff could perform this *particular* past relevant work. Instead, the ALJ found that Ms. Griffin could perform the job of "management trainee," without first finding that this job constituted "past relevant work." (TR. 23-24). As pointed out by the Appeals

Council—that job—which Plaintiff performed for four months earning a total of $962.44 would not meet the regulatory definition of SGA.[2]

The ALJ attempted to circumvent the Appeals Councils' order, however, by making two presumptions, both of which lack support. First, the ALJ found that the "management trainee" job was "within" Plaintiff's past relevant work. Perhaps the ALJ believed that because Plaintiff had performed the job of "manager," that she could necessarily perform the job of "management trainee." But the ALJ does not make this statement directly, nor does he cite any evidence which would support such finding.

Second, the ALJ states that Ms. Griffin "could transition into" the job of "management trainee"—his ultimate finding at step four. (TR. 24). Maybe so, based on the ALJ's perception that the ability to perform the "manager" job would allow Ms. Griffin to also perform the "management trainee" job. But two problems exist with this finding: (1) no evidence exists regarding the work demands of either job which could support such a conclusion,[3] and (2) the ALJ had not first determined that the job of "management trainee" had constituted past relevant work—a necessary requisite to the step four conclusion. But even if the ALJ had properly found that the "management trainee" job had qualified as past relevant work, he committed additional errors at step four.

As stated, phases two and three of step four require the ALJ to:
- determine the physical and mental demands of the claimant's past relevant work and

---

[2] *See* https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015 (noting that to qualify as SGA for the year 2012, the claimant must have earned at least $1,010.00 per month.).

[3] Evidence regarding the work duties of both jobs is listed in Plaintiff's Work History Report. But it is not the Court's job to examine and re-weigh the evidence or engage in a post-hoc analysis of how the work report might support the ALJ's finding.

- determine whether the claimant has the ability to meet the job demands found in phase two with the limitations set forth in her RFC.

*Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). At phases two and three of step four, the Tenth Circuit has explained that an ALJ may rely upon VE testimony in making her findings. *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). However, the ALJ may not delegate the step-four analysis to the VE. *Id.* The distinction between improper delegation and proper reliance is one of substance, not form. *Compare Doyal*, 331 F.3d at 761 (rejecting the claimant's argument that the ALJ had delegated phases two and three to the VE where the ALJ had "quoted the VE's testimony approvingly, in support of his own findings.") *with Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996) (noting improper delegation to the VE where the ALJ "made no inquiry into, or any finding specifying" the demands of the claimant's past work.).

Here, the ALJ improperly delegated the phase two and three findings to the VE. Although the ALJ found that Ms. Griffin could perform the job of management trainee after "comparing the claimant's residual functional capacity with the physical and mental demands of this work," the ALJ himself made no findings regarding the demands of those jobs, outside of a reference to the VE's testimony at the hearing. (TR. 23). The ALJ's failure to make his own findings constitutes reversible error.

However, even if the ALJ had properly relied on VE's testimony at phase two, that testimony concerned only the demands of Plaintiff's past work as set forth in the DOT, as those jobs had been performed in the national economy. *See* TR. 61-62. But the ALJ's ultimate step four finding was that Ms. Griffin could perform the job of "management

trainee" *as she had actually performed that job*. (TR. 23). But Ms. Griffin did not testify at the hearing regarding the actual demands of her past work, nor did the ALJ cite any evidence which referenced the same. The lack of evidence undermines the step four finding and remand is warranted.

The ALJ concluded that Ms. Griffin could perform the duties of a prior job, without first determining whether that job qualified as past relevant work. The ALJ also presumed that Plaintiff could perform the duties of a particular job, as she had performed them previously, based on her ability to perform a *different* job and without any evidentiary support regarding the particular demands of the job. These errors warrant remand.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on May 3, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE